Jeffrey E. Ostrow (CSB No. 213118)
SIMPSON THACHER & BARTLETT LLP
3330 Hillview Avenue
Palo Alto, California 94304
Telephone: (650) 251-5000
Facsimile: (650) 251-5002

Henry B. Gutman (admitted *pro hac vice*)
Jeremy S. Pitcock (admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Attorneys for Plaintiff/Counterdefendant
3COM CORPORATION

David M. Barkan (CSB No. 160825/barkan@fr.com)
FISH & RICHARDSON P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant
D-LINK SYSTEMS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| 3COM CORPORATION, | CASE NO. C 05 00098 VRW |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER REGARDING DISCLOSURE OF <u>CONFIDENTIAL INFORMATION</u>** |
| v. | |
| D-LINK SYSTEMS, INC. | |
| Defendant. | |

WHEREAS, Plaintiff 3Com Corporation and Defendant D-Link Systems, Inc. believe that certain information that is or may be sought through discovery in this action constitutes trade secrets or other "confidential research, development, or commercial information" within the meaning of Fed. R. Civ. P. 26(c); and

1    WHEREAS, Plaintiff and Defendant believe that it would facilitate discovery to produce

2    such information under a protective order pursuant to Fed. R. Civ. P. 26(c);

3    IT IS HEREBY STIPULATED, subject to the approval of the Court, that:

4    1.        Definitions:

5    (a) "Discovery Material" means any and all documents, testimony, deposition

6    transcripts, deposition exhibits, interrogatory responses, admissions, and any other information

7    produced or otherwise provided by a party or non-party to another party or non-party in

8    connection with discovery in this litigation.

9    (b) "Designating Party" means any person or entity, whether a party to this lawsuit

10   or not, who has designated documents or information as either "CONFIDENTIAL" or

11   "CONFIDENTIAL--ATTORNEYS' EYES ONLY" under this Order.

12   (c) "Producing Party" means any person or entity, whether a party to this lawsuit or

13   not, who has produced documents or provided information in this litigation or from whom

14   documents or information have been requested.

15   (d) "Receiving Party" means any party who has received documents or information

16   in this litigation.

17   (e) "CONFIDENTIAL" information means information that the Producing Party in

18   good faith believes to be "confidential research, development, or commercial information" within

19   the meaning of Fed. R. Civ. P. 26(c), including financial information, security measures,

20   nonpublic technical information, ongoing research and development projects, unpublished patent

21   applications and filewrappers, patent license agreements, or other non-public information.

22   (f)  "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information means

23   sensitive CONFIDENTIAL information that the Designating Party in good faith believes will

24   harm its competitive position if the information becomes known to a party other than the

25   Designating Party.  The particular examples listed in sub-paragraph (e) above are not intended to

26   create any presumption as to whether a particular type of document should be designated

27   "Confidential-Attorneys Eyes Only" or "Confidential."

28

**STIPULATED PROTECTIVE ORDER REGARDING**          - 2 -          **CASE NO. CV-05-00098-VRW**
**DISCLOSURE OF CONFIDENTIAL INFORMATION**

1        (g) "Confidential Discovery Material" means any Discovery Material that is

2  designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY," in

3  accordance with the procedures set forth below, including but not limited to:

4        (i)     Information furnished pursuant to Federal Rule of Civil Procedure

5  26.

6        (ii)    Information furnished or set forth in response to any discovery

7  request made under Fed. R. Civ. P. 31, 33, or 36, provided that, prior to disclosure to the

8  Receiving Party, the information or responses are plainly marked or otherwise identified by the

9  Designating Party on each page as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS'

10  EYES ONLY".

11        (iii)   Information set forth in documents made available for inspection by

12  the Producing Party voluntarily or under Fed. R. Civ. P. 33(d) or 34 and that are identified at the

13  time of inspection as may be containing or comprising "Confidential Discovery Material," shall be

14  treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the inspection.  The party

15  producing information for inspection need not designate the information by stamping or labeling it

16  as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" until copies are

17  delivered to the inspecting party in response to the inspecting party requesting copies of the

18  information. Making documents and things available for inspection shall not constitute a waiver of

19  any claim of confidentiality, attorney-client privilege, or work-product immunity.

20        (iv)   Information set forth in any copies of documents produced to the

21  Receiving Party voluntarily or under Fed. R. Civ. P. 33(d) or 34, provided that, prior to delivery of

22  the copies to the Receiving Party, the copies are physically or digitally marked, as feasible, by the

23  Designating Party as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY."

24  Each page, unit, or thing should be individually marked with the appropriate designation, as

25  feasible.

26        (v)    Information revealed by inspection of things or premises voluntarily

27  or under Fed. R. Civ. P. 34, provided that, prior to the inspection, the party permitting inspection

28  states in writing that its Confidential Discovery Material will be disclosed by the inspection and

1   specifies in writing those parts of the things or those areas of the premises in which its

2   "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information will be

3   revealed.  Making things and premises available for inspection shall not constitute a waiver of any

4   claim of confidentiality, attorney-client privilege, or work-product immunity.

5           (vi)     Information revealed during deposition upon oral examination under

6   Fed. R. Civ. P. 30 or pursuant to subpoena under Fed. R. Civ. P. 45, except that the information

7   revealed during any particular deposition shall cease to be Confidential Discovery Material ten

8   days after the deposition transcript becomes available, unless at the deposition or before the ten

9   day period has expired, the witness, his employer, or his counsel states on the record at the

10   deposition, or gives written notice before the ten day period expires, that "CONFIDENTIAL" or

11   "CONFIDENTIAL--ATTORNEYS' EYES ONLY" information of the witness or his employer is

12   set forth in the transcript. In the case of non-party witnesses, either a party or the non-party

13   witness may designate information revealed as its "CONFIDENTIAL" or "CONFIDENTIAL--

14   ATTORNEYS' EYES ONLY" information within ten days after the deposition transcript becomes

15   available.

16           (vii)    Any summary, digest, analysis, or comment on any Confidential

17   Discovery Material identified in categories (i)-(v) that is not immune from discovery due to

18   attorney-client privilege or work product immunity.

19        (h) Confidential Discovery Material shall not include any information that:

20           (i)     is or becomes publicly available without the Receiving Party's

21   breach of any obligation owed to the Designating Party;

22           (ii)    is lawfully in the possession of a party receiving such information

23   without any confidentiality obligations at the time of disclosure; or

24           (iii)   is lawfully disclosed by a third party that is not subject to any

25   confidentiality obligations at the time of disclosure.

26

27

28

2.          Confidential Discovery Material designated "CONFIDENTIAL" may only be disclosed to the persons falling within the categories specified in paragraphs 2(a), (b), (c), and (d) below:

(a)     the Court and Court personnel involved with this case under seal as mandated by the Court's Local Rules;

(b)     the parties' respective outside counsel of record in this action and also outside counsel for Marvell Semiconductor, Inc. ("MSI"), including counsel's legal support staff and outside copying and graphics services as reasonably necessary to perform such services under the supervision of outside counsel of record;

(c)     outside stenographic court reporters and language translators (including support staff as reasonably necessary); and

(d)     the additional individuals listed in categories (i) through (vi) immediately below, provided such additional individuals—except for those in category (iii) with respect to the Confidential Discovery Materials identified in category (iii)—have read this Protective Order in advance of disclosure and signed an Undertaking in the form attached as Exhibit A, which shall be retained in the files of outside counsel with whom the additional individual is associated:

(i)     up to three (3) officers, directors, or employees of each party, and up to one (1) officer, director, or employee of Marvell Semiconductor, Inc. ("MSI") to the extent necessary to assist in the conduct of this litigation, and who are specifically designated by written notice to the other party identifying each such person by name and position;

(ii)    any person retained by a party or its counsel of record as an independent consultant or testifying expert for purposes of this action who has no continuing relationship, other than as an expert or consultant, with any of the parties hereto or their affiliates, or any of their competitors, and retained in accordance with the provisions set forth in paragraph 5 below;

(iii)   a deponent or other witness who is named as an author or recipient of, has previously seen the contents of, has at any time been authorized to see, or would normally

1   be expected to have seen or have access to the type of document or thing marked as Confidential

2   Discovery Material that is to be disclosed to them;

3             (iv)    paralegals, stenographic and clerical employees, and translators

4   associated with the individuals enumerated in (a) and (d)(i) - (iii) above, but only as part of a

5   disclosure to said individuals in accordance with this Protective Order;

6             (v)    any person retained by a party to supervise the destruction of

7   Confidential Discovery Material per paragraph 14  below under the supervision of a party's

8   outside counsel of record; and

9             (vi)    such other individuals as the parties may agree to in writing or in a

10  transcribed record.

11       (e) Any disclosure of "Confidential Discovery Material" to an individual listed in

12  items (d)(i) through (iv) under paragraph 2 above shall be limited to the information, documents

13  and/or things that outside counsel believes are reasonably required for such individual to assist in

14  this litigation.

15       3.    Information designated "CONFIDENTIAL--ATTORNEYS' EYES ONLY"

16  may only be used for purposes of this litigation, and may only be disclosed to persons falling

17  within the categories specified in Paragraphs 2(a), (b), (c), and (d)(ii)–(vi) of this Order, who are

18  not currently engaged and shall not engage during the course of this litigation and for a period of

19  two (2) years following final disposition of this litigation (whether by judgment including

20  exhaustion of all appeals, settlement, or otherwise) in the preparation or prosecution of patent

21  application(s) related to network interface hardware, including cards, adaptors, converters, circuit

22  boards, chips, motherboards, hubs, routers, switches, controllers, and associated software and

23  firmware used to operate the network interface hardware, including direct supervision or

24  assistance thereof, on behalf of 3Com Corporation, D-Link Systems, Inc., Via Technologies, Inc.,

25  Realtek Semiconductor Corporation, Marvell Semiconductor, Inc. or any of their corporate

26  parents, predecessors in interest, subsidiaries, joint ventures, affiliates, or any other entities

27  partially or wholly under their control or ownership, and only in accordance with the procedures

28  established under this Order.  The prohibitions on patent prosecution activity stated above does not

1  preclude said persons from counseling a client regarding prosecution strategy involving a client's

2  patent portfolio, so long as the counsel provided by said persons is not based upon the information

3  designated either "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY."

4      4.    Counsel shall exert their best efforts to identify materials or information

5  protected by the attorney-client privilege, the work product doctrine, and/or any other privilege,

6  before its disclosure.  The inadvertent production (including through making the material available

7  for inspection under paragraph 1(g)(iv)) of any document or thing by any Producing Party shall be

8  without prejudice to any claim by the Producing Party that such material is protected by the

9  attorney-client privilege, or protected from discovery as work product.  Provided that diligent

10  efforts are made to ensure that documents are carefully reviewed for privilege and that efforts to

11  retrieve inadvertently produced documents are commenced within a reasonable period of time

12  after discovery of their production, the Producing Party shall not be held to have waived any rights

13  thereunder merely by inadvertent production made subsequent to the execution of this Order.  If

14  within a reasonable time after the discovery of the inadvertent production a Producing Party

15  asserts that such materials are protected by the attorney-client privilege, work product doctrine, or

16  any other claim of privilege, and were inadvertently produced, the Receiving Party shall take

17  immediate steps to ensure that all known copies of such material are returned promptly to the

18  Producing Party.  The cost, if any, for excising such materials by the Receiving Party shall be

19  borne by the Producing Party.  Any party may thereafter contest such claims of privilege or work

20  product as if the materials had not been produced, but shall not assert that a waiver occurred as a

21  result of the production if the Producing Party has complied with the provisions of this paragraph.

22      5.    Prior to showing any Confidential Discovery Material of the Designating

23  Party to any of the individuals identified in paragraph 2(d)(ii) above, the party proposing the

24  disclosure shall serve on the Designating Party and on MSI: (i) a written notice identifying such

25  individual and stating such individual's present occupation, employer and position, and all other

26  business affiliations for the past 10 years, (ii) the most up-to-date copy of such individual's

27  curriculum vitae, and (iii) an Undertaking in the form attached hereto as Exhibit A executed by

28  such individual. The Designating Party and MSI shall have ten (10) calendar days to object to the

1   disclosure of its Confidential Discovery Material to such individual. If at the end of the 10-

2   calendar-day period no written objection has been received by the party that wishes to disclose the

3   information, then the individual may receive copies of such Confidential Discovery Material upon

4   compliance with all applicable provisions of this Protective Order.  Such an objection, however,

5   shall stay disclosure to the proposed recipient.  If the Designating Party or MSI and party

6   proposing disclosure are   unable to resolve a disagreement, the party proposing to make the

7   disclosure may thereupon seek leave of the Court to make the disclosure, notwithstanding the

8   objection, in accordance with the assigned Judges' procedures for raising discovery disputes, in

9   particular section 1.5 of Judge Walker's Standing Order.

10          6.          Any information designated as Confidential Discovery Material may not be

11   offered into evidence at trial or any other proceeding unless the Designating Party is given

12   reasonable notice and an opportunity to object and to seek a protective order.  For the purposes of

13   trial, designation of information in the pre-trial order shall be considered sufficient notice to a

14   party with respect to the information referenced therein.  For the purposes of motion practice, the

15   parties shall follow the procedures set forth in Civil L.R. 79-5(d) with respect to the filing of

16   another party's designated material and following that procedure shall be considered full

17   compliance with this paragraph.

18          7.          Counsel shall exert their best efforts to identify Confidential Discovery

19   Material.  The inadvertent designation, misdesignation, or non-designation of any document or

20   thing by any party or non-party shall be without prejudice to any claim the party or non-party has

21   to preserve the confidentiality of inadvertently disclosed information.  Provided that efforts to

22   retrieve inadvertently designated documents are commenced within a reasonable period of time

23   after discovery of their production, no Producing Party shall be held to have waived any rights

24   thereunder by inadvertent disclosure.  If within a reasonable time after discovery of the

25   inadvertent production a Producing Party asserts that such materials should be designated as

26   "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY," and were

27   inadvertently produced with a different designation, the Receiving Party shall take immediate

28   steps to ensure that all known copies of such material are appropriately disclosed according to the

1   provisions of this Order.  The cost, if any, for redesignating such materials by the Receiving Party

2   shall be borne by the Producing Party.

3       8.          This Protective Order shall not prevent any party from moving this Court

4   for an order de-designating or re-designating Confidential Discovery Materials.  The information

5   shall remain Confidential Discovery Material and under the status given by the Designating Party

6   unless and until the Court rules to the contrary.  It shall be the burden of the Designating Party to

7   prove that its designation is appropriate.  Further, a Receiving Party is not obligated to challenge

8   the propriety of a designation as Confidential Discovery Material at the time of the designation,

9   but must make all such challenges not later than 60 days prior to the trial date in this action.

10      9.          In the event of any accidental or inadvertent disclosure of Confidential

11  Discovery Material other than in a manner authorized by this Protective Order, counsel for any

12   party who knows or becomes aware of such disclosure shall immediately notify counsel for the

13  Designating Party of all of the pertinent facts, and make every effort to prevent further

14  unauthorized disclosure, including retrieving all copies of any Confidential Discovery Material a

15  party has improperly disclosed from the recipient(s) thereof and securing the agreement of the

16  recipients in writing not to further disseminate the Confidential Discovery Material in any form.

17      10.         Each recipient of any Confidential Discovery Material produced in this

18  litigation hereby agrees to be subject to the jurisdiction of this Court for the purposes of the

19  implementation and enforcement of this Protective Order.

20      11.         Confidential Discovery Material shall not be used or disclosed by any

21  recipient for any purpose other than in connection with the above-captioned action and shall not

22  be disclosed by the recipient to anyone other than those persons as designated in the appropriate

23  section of paragraphs 2 and 3 herein, unless and until the restrictions herein are removed by order

24  of the Court or by written stipulation of the parties and Designating Party, subject to the approval

25  of the Court.

26      12.         Nothing herein shall bar or restrict any attorney from rendering advice to

27  his or her client regarding this litigation and, in the course thereof, relying upon his or her

28  examination of Confidential Discovery Material, provided, however, that in rendering such

1  advice and in otherwise communicating with his or her client, the attorney shall not disclose the

2  content of any Confidential Discovery Material to anyone not authorized to receive such

3  information in accordance with this Protective Order.

4       13.     This Protective Order shall not be deemed a waiver of:

5       (a)     any party's right to object to any discovery requests on any grounds;

6       (b)     any party's right to seek an order compelling discovery with respect to any

7  discovery request;

8       (c)     any party's right in any proceeding in this litigation to object to the

9  admission of any evidence on any ground;

10       (d)     any party's right to use and disclose its own documents and its own

11  Confidential Discovery Material in its sole and complete discretion; or

12       (e)     the status of any information as a trade secret or other confidential

13  information.

14       14.     This Protective Order shall be valid throughout the course of this litigation

15  (defined to include all proceedings herein, appeals, and/or remands) and shall survive the

16  termination of this litigation. Within sixty (60) days of the final termination of this litigation, all

17  documents and copies of documents (including any copies created by optical scanning) produced

18  by the parties or by nonparties designated as containing Confidential Discovery Material shall be

19  returned to the Designating Party or destroyed. If destroyed or returned pursuant to this provision,

20  the person or persons who destroy and/or return such Confidential Discovery Material shall

21  provide written certification to the Designating Party within sixty (60) days of final

22  termination of this litigation that such information has been properly destroyed or returned.

23  The terms of this Protective Order shall survive and remain in full force after the termination

24  of this lawsuit and the Court shall have jurisdiction over the parties, their attorneys, and all

25  persons to whom Confidential Discovery Material has been disclosed for the purpose of

26  enforcing the terms of this Protective Order and/or redressing any violation thereof.

27

28

1    15.        The terms of this Protective Order may be applied to the documents,

2    information and things received by a party from any person who is not a party to this litigation at

3    the election of such person.

4    16.        Counsel for the parties to whom Confidential Discovery Material has been

5    furnished shall be responsible for restricting disclosure in accordance with the provisions of this

6    Protective Order and for securing execution of and retaining the Undertaking attached as Exhibit

7    A as and when required under the provisions of this Protective Order.

8    17.        This Protective Order may be modified or amended either by agreement of

9    the parties or by further order of the Court upon good cause shown.

10    18.        Mock Jurors:  A party may show another party's Confidential Discovery

11    Material to mock jury members after providing to the party owning the Confidential Discovery

12    Material written assurance that it will use reasonable measures to screen the potential mock jurors

13    to exclude any individuals who are employed by, have a relationship with, have ownership of or

14    interests in, or are otherwise associated in any way with, any party and all predecessors, successor

15    and assigns thereof, or any other entity involved in research, design, testing, manufacture and/or

16    sale of networking equipment, network interface hardware, including cards, adaptors, converters,

17    circuit boards, chips, motherboards, hubs, routers, switches, controllers, and associated software

18    and firmware used to operate the network interface hardware.  Additionally, prior to any

19    disclosure of another party's Confidential Discovery Material to mock jury members, each mock

20    jury member must provide in writing to counsel for the party retaining the jury member an

21    agreement to maintain as confidential all Confidential Discovery Material disclosed during the

22    mock jury exercise.  All materials provided to mock jury members must be returned to counsel for

23    the party retaining the mock jury members after the conclusion of the mock jury exercise.

24

25

26

27

28

Dated:  February 9, 2006

___/s/ Henry B. Gutman_____
Henry B. Gutman (Admitted *pro hac vice*)
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-2000
Facsimile: (212) 455-2502

Attorneys for Plaintiff/Counterdefendant
3COM CORPORATION

Dated:  February 9, 2006

___/s/ David M. Barkan_____
David M. Barkan (CSB No. 160825/
barkan@fr.com)
Craig R. Compton (CSB No. 215491/
compton@fr.com)
FISH & RICHARDSON P.C.
500 Arguello St., Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant
D-LINK SYSTEMS, INC.

        Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from David M. Barkan.

SIMPSON THACHER & BARTLETT LLP
By:    ___/s/ Henry B. Gutman_____
        Henry B. Gutman (admitted *pro hac vice*)

Attorneys for Plaintiff/Counterdefendant

**IT IS SO ORDERED:**


Dated:   ___March 21, 2006_____

Hon.
United

*(seal: UNITED STATES DISTRICT COURT — NORTHERN DISTRICT OF CALIFORNIA — IT IS SO ORDERED — Judge Vaughn R Walker)*

1

ATTACHMENT A

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

3

4

5

3COM CORPORATION,                    )     **CASE NO. CV-05-00098-VRW**
                                     )
6                       Plaintiff,   )
                                     )
7           v.                       )
                                     )
8     D-LINK SYSTEMS, INC.           )
                                     )
9                       Defendant.   )
                                     )
10                                   )
                                     )
11                                   )
                                     )
12  _____)

13

**UNDERTAKING AND DECLARATION PURSUANT**
**TO STIPULATED PROTECTIVE ORDER REGARDING**
14  **DISCLOSURE OF CONFIDENTIAL INFORMATION**

15

16          I, _____, hereby acknowledge that I am to be provided

17  access to Confidential Discovery Material as defined in the Protective Order dated

18  _____ in the above-captioned lawsuit.

19          My address is _____.  My present

20  employer is _____.  My present occupation or job

21  description is _____.

22          I certify my understanding that the Confidential Discovery Material is being provided to

23  me pursuant to the terms and restrictions of the aforesaid Protective Order and that I have been

24  given a copy of and have read and understood my obligations under that Protective Order. I hereby

25  agree to be bound by the terms of the Protective Order. I understand that the Confidential

26  Discovery Material and my copies or notes relating thereto may be disclosed to or discussed with

27  only those persons permitted by the Protective Order to receive such information.  I will return

28  upon request all information containing Confidential Discovery Material, copies thereof and notes

1   that I have prepared relating thereto, to outside trial counsel for the party with whom I am

2   associated.

3        I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

4   Protective Order and waive any and all objections to jurisdiction and venue.

5        I declare under penalty of perjury under the laws of the United States of America that the

6   foregoing is true and correct.

7

8   SIGNED this _____ day of _____, 20__

9

10

11                                   _____

12                                     (signature)

13                                   _____

14                                   (print name)

15

16

17

18

19

20

21

22

23

24

25

26

27

28