United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

3COM CORP,

Plaintiff,

v

D-LINK SYSTEMS, INC,

Defendant,

and

REALTEK SEMICONDUCTOR CORP,

Intervenor.

No C 03-2177 VRW

---

3COM CORP,

Plaintiff,

v

D-LINK SYSTEMS, INC,

Defendant.

/

No C 05-0098 VRW

ORDER

The parties in the above related cases request the court's assistance in resolving a discovery dispute detailed in their respective letters of April 17, 2007. Doc ##394-395 (03-2177 case); Doc #241 (05-0098 case). 3Com Corp alleges willful infringement in both cases. Patent Local Rule 3-8 requires certain

United States District Court
For the Northern District of California

disclosures where an alleged infringer intends to rely on an "opinion of counsel" defense. Specifically, Patent Local Rule 3-8 requires disclosure of (1) the opinion, (2) any documents for which the party agrees attorney-client or work product protection has been waived and (3) a privilege log identifying any other document that the party is withholding on the grounds of attorney-client or work product protection. The rule exempts from the logging obligation any identification of those documents "authored by counsel acting solely as trial counsel."

3Com seeks these disclosures now, pursuant to the deadline set forth in Rule 3-8. D-Link Systems, Inc and Realtek Semiconductor Corp (collectively "defendants") propose bifurcation of the issue of willfulness so that the parties may benefit from the pending Federal Circuit opinion in In re Seagate Technology, LLC. Alternatively, defendants seek postponement of their Rule 3-8 disclosures until as late as reasonably possible in light of the current trial date.

In In re Seagate Technology, LLC, the Federal Circuit has invited briefing on whether a party's assertion of the advice of counsel defense should extend waiver of the attorney-client privilege to communications with that party's trial counsel. See Doc #234 (05-00098), Ex A. The circuit cited to its previous ruling In re EchoStar, 448 F3d 1294 (Fed Cir 2006), which goes beyond Patent Local Rule 3-8 by requiring that communications with trial counsel concerning an asserted opinion must not only be logged but must also be produced. Seagate will also consider the Federal Circuit's prior decision in Underwater Devices, Inc v Morrison-Knudsen Co, 717 F2d 1380 (Fed Cir 1983), which addresses

United States District Court
For the Northern District of California

the statutory duty of care once an infringer is put on notice of another's patent rights.

3Com argues that defendants should make their Rule 3-8 disclosures now because, if the Federal Circuit overrules EchoStar, defendants will not have disclosed any information that they would not already have had to disclose. Doc #394 at 2. Defendants argue that awaiting the Seagate decision will permit them to make an informed decision on whether to rely on an advice of counsel defense in the first place. Doc #395 at 2. The court agrees. So long as the scope of privilege waiver and the scope of the statutory duty of care remain unknown, defendants should not be required to produce otherwise privileged information. This is particularly true where the Federal Circuit is expected to clarify the law on these issues in a matter of months. (The Federal Circuit has scheduled oral argument in Seagate for June 7, 2007.) Moreover, 3Com does not claim any prejudice from the delay, and defendants' proposal will not require modification of the trial date.

Accordingly, defendants may postpone their Patent Local Rule 3-8 disclosures until the earlier of November 1, 2007 or 30 days after the Federal Circuit's ruling in Seagate.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

**United States District Court**
For the Northern District of California